09-4557-ag
Kaceli v. Holder

BIA
A076 122 782

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand ten.

PRESENT:
    GUIDO CALABRESI,
    ROBERT A. KATZMANN,
    PETER W. HALL,
        *Circuit Judges.*

_____

ERVIN KACELI,
        *Petitioner,*

        v.                                    09-4557-ag
                                              NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael J. Lacey, Grosse Pointe
                       Farms, Michigan.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, William C. Peachey,
                       Assistant Director, Paul T.
                       Cygnarowicz, Trial Attorney, Office
                       of Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ervin Kaceli, a native and citizen of Albania, seeks review of an October 19, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Kaceli*, No. A076 122 782 (B.I.A. Oct. 19, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Kaceli's motion to reopen as untimely because he filed it almost eight years after his April 2001 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

Although the time limits may be excused when the movant alleges changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably found that the evidence Kaceli submitted merely "demonstrate[d] that there continues to exist a high degree of conflict between political parties in Albania." Indeed, much of the evidence Kaceli included with his motion was previously available or reflected already ongoing civil strife in Albania rather than a material change in country conditions. Substantial evidence thus supports the BIA's determination that Kaceli failed to establish changed country conditions. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Moreover, on the record before us we cannot conclude that the BIA ignored any material evidence that Kaceli submitted or that the BIA failed to provide a sufficient explanation for its findings. Although the agency has an obligation to consider all evidence relevant to an applicant's claim, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao*, 546 F.3d at 169. Here, given the BIA's references to the documentation

2

submitted with the motion to reopen, it is apparent that the BIA considered Kaceli's evidence and made reasonable findings based on the record.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Additionally, because Kaceli received a full and fair opportunity to present his claims, the BIA did not violate his due process rights.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3